## Sutter's Heirs *versus* Ling.

A decree of specific performance of a written contract, made by the Orphans' Court, on the application of the administrator of the vendor, without notice to his heirs, and a deed made to the purchaser in pursuance of such decree, are *primâ facie* evidence of title in the vendee, as against the heirs of the vendor.

Where a vendor under articles of agreement dies, the right to receive the purchase-money passes to his personal representatives.

ERROR to the Common Pleas of *Somerset county*.

This was an ejectment by the heirs of Solomon Sutter against Henry Landis, for a tract of land containing 200 acres. The facts of the case are accurately stated in the opinion of his Honour KIMMELL, P. J. :—

"The heirs of Jacob Glessner conveyed the land in dispute, on the 2d May, 1833, to Solomon Sutter and Henry Landis. On the 2d March, 1840, Solomon Sutter sold his interest in the land to Henry Landis by articles of agreement, for the sum of $1200 in payments. On the 31st January, 1844, Redding B. Conover, the administrator of Solomon Sutter, deceased, presented his petition to the Orphans' Court of Somerset county, setting forth the written contract between the said parties, and praying the Court to decree a specific performance thereof. Henry Landis, the purchaser, admitted the fact and joined in the prayer of the petitioner; whereupon the Court the same day decreed a specific performance of the contract—a deed to be executed and delivered to H. Landis on his paying the balance of the purchase-money. A deed was executed and delivered to Henry Landis by R. B. Conover, administrator of Solomon Sutter, for the premises, on the 7th February, 1844.

"On the 4th of April, 1841, the Orphans' Court of the county, appointed Joseph Boyer guardian of the minor children of Solomon Sutter, deceased, the present plaintiffs.

"It does not appear that any notice was served on the guardian or children of the deceased of the proceedings in the Orphans' Court for the decree of specific performance.

"The counsel for the plaintiff contend that as there was no notice given to the heirs of Solomon Sutter, deceased, of the proceedings for specific performance in the Orphans' Court, that they are not bound by the decree, that it did not affect their title to the land.

"The Court are of opinion, that the application having been made by the administrator of the intestate, notice was not required to be given to the guardian or heirs; that the deed to Landis conveyed a good title; and therefore direct the jury to return a verdict for the defendants."

[Sutter's Heirs v. Ling.]

In addition to the facts above stated it appears in evidence that Landis paid to the administrator the balance of the purchase-money, $325, and that it was accounted for by the administrator in the settlement of his account.

The instructions of the Court were assigned for error.

*Coffroth*, for plaintiff in error.

*Scull*, for defendant in error.

The opinion of the Court was delivered by

LEWIS, J.—It is well settled that what is legally agreed to be done is, in equity, considered as done: 3 *Wheaton* 564; *Adams' Equity* 136, n. 1. It is upon this principle that, if a binding contract be made for the sale of land, enforceable in equity, such contract, though in fact unexecuted, is considered as performed, so far that the land becomes in equity the property of the vendee, and the purchase-money that of the vendor. On the same principle, if either party die before completion, the equitable right to the land, on the death of the vendee, will pass to his devisee or heir, and the same right to the purchase-money, on the death of the vendor, will pass to his executors or administrators, for whom the heirs or devisees will be trustees: 1 *J. & W.* 499; 12 *Sim.* 263; *Adams' Equity* 140; 2 *Kent* 477, n. a; 2 *Vern.* 212; 1 *Jarm. on Wills* 147; *Sugden V. & P.* 141. It is clear from this principle that, wherever there is a contract for the sale of real estate by a vendor, his executors or administrators may lawfully receive the purchase-money after his death. As the heirs or devisees are but trustees, the moment the money is paid to the personal representatives it is considered "at home" in their hands, as between the vendor and vendee, and the effect of the payment is precisely the same as if the money had been paid to the vendor in his lifetime. What is that effect? A vendor, with payment of the purchase-money, is a trustee for the vendee; and as no reason exists for any longer separation of the legal from the *equitable* estate, the vendee, according to the rule in Pennsylvania, becomes seised of the legal estate. A mortgagee is, in form, the holder of the legal estate, but the estate in equity follows the debt, and therefore the assignee of the administrators of the mortgagee may maintain ejectment: Sampson v. Ammons, 1 *Bin.* 177. And, upon the same principle, it is conceived that the personal representatives of the vendor might have the same remedy for the purchase-money. Their right to maintain ejectment for it, at this time, is certainly clear, since it has been expressly affirmed by the Act of 9th April, 1849, section 5.

In the case before us, the vendor entered into a binding con-

[Sutter's Heirs *v.* Ling.]

tract, in writing, for the sale of the land, and received the greater part of the purchase-money. The purchaser took possession in 1840, and has remained there ever since. On the 7th February, 1844, after the death of the vendor, the residue of the purchase-money was paid to his administrator. These facts are not disputed. They are established by the proceedings of the vendor's administrator and the purchaser, in obtaining a decree of specific performance. That decree, and the deed made in pursuance of it, are *primâ facie* evidence for the purchaser, although the heirs of the vendor had no notice of them. The want of notice might entitle the heirs to go into evidence for the purpose of showing that no decree ought to have been made. But nothing of the kind was attempted here. The justice of the decree is not in any manner impeached. On the contrary, on the evidence before us, we see that the purchaser is entitled to such a decree, and that the heirs of the vendor have no just ground whatever to resist it. The Court was, therefore, correct in giving a peremptory instruction in favour of the defendants.

Judgment affirmed.