## Black Company, Appellant, *v.* Baker.

*Sales—Real estate brokers—Commissions—Evidence.*

Unless the contract of employment provides otherwise, a real estate broker has earned his commission when he procures a party with whom his principal is satisfied and who actually contracts in writing for the property at a price satisfactory to the owner, although the purchaser may afterwards attempt to avoid the contract of purchase. When the owner is satisfied with the purchaser produced, and actually contracts with him in writing, the question of whether the purchaser is able, ready and willing to consummate the purchase, on the day set for settlement, does not enter into the case; provided there was no fraud or bad faith on the broker's part.

Argued May 3, 1926.   Appeal No. 87, April T., 1926,

by plaintiff, from judgment of C. P. Allegheny County, January T., 1924, No. 2886, in the case of Samuel W. Black Company, a Corporation, v. E. E. Baker. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Assumpsit for commissions earned in the sale of real estate.  Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of defendant.  Plaintiff appealed.

*Errors assigned,* were answers to points for charge and refusal of plaintiff's motion for judgment non obstante veredicto, and for a new trial.

*Thomas Patterson,* of *Patterson, Crawford, Miller & Arensberg,* and with him *C. F. C. Arensberg,* for appellant.

*Earl F. Reed,* of *Thorp, Bostwick, Stewart & Reed,* and with him *W. D. Stewart,* for appellee.

OPINION BY KELLER, J., July 8, 1926:

The plaintiff, an incorporated real estate broker, brought this action of assumpsit for commissions alleged to be due it by the defendant for securing a purchaser for his real estate.  The defendant denied that he had ever employed the plaintiff to sell his property. That was the matter in dispute between the parties and was the only question of fact for the consideration of the jury.

We agree with the learned court below that the letters between the parties did not of themselves constitute an employment of the plaintiff by the defendant. The plaintiff did not declare upon them as constituting a contract and the president of the plaintiff company testified on the trial that he did not consider them as

effecting a listing of the property with his company for sale. They were entirely consistent with defendant's theory that in the negotiations leading up to the execution of the contract of sale the plaintiff was representing the purchaser and not the seller. But there was testimony, offered on behalf of plaintiff, of an employment by the defendant and an agreement to pay it a commission of three per cent if it procured a purchaser for the property, which was sufficient to carry the case to the jury. The defendant denied such employment in toto, and the jury's verdict should have depended on the decision of this question of fact.

A purchaser satisfactory to the defendant was produced by plaintiff and a written agreement of sale was duly entered into and signed by both parties; and if the jury found that the plaintiff had been employed by defendant and was acting for him in negotiating the sale, plaintiff was entitled to a verdict, in the absence of any evidence in the case of a double employment, or of any compensation or commission paid or payable by the purchaser for plaintiff's services.

If the plaintiff was employed by defendant to sell his property and a commission of three per cent on the purchase price promised if it made a sale, then the commission was earned when defendant entered into the agreement with Rosen, the purchaser produced by plaintiff. Unless the contract of employment provides otherwise, a real estate broker has earned his commission when he procures a party with whom his principal is satisfied and who actually contracts in writing for the property at a price satisfactory to the owner, although the purchaser may afterwards attempt to avoid the contract of purchase: Hipple v. Laird, 189 Pa. 472; Irons v. Snyder, 49 Pa. Superior Ct. 522. When the owner is satisfied with the purchaser produced and actually contracts with him in writing, the question of whether the purchaser is able, ready and willing to consummate the purchase on the day set for

settlement does not enter into the case; provided there was no fraud or bad faith on the broker's part, of which there seems to be no evidence in this case.

The subsequent assignment of the contract of sale by Rosen to Friedman and the matters leading up to the refusal of the latter to accept the property, had no effect on the plaintiff's rights if a contract of employment existed between it and the defendant. The references to them in the plaintiff's statement of claim were surplusage.

The court below consequently erred in affirming defendant's first point, which in effect made plaintiff's recovery dependent on whether Rosen, or Friedman his assignee, was ready, willing and able to purchase the property on the day set for the closing of the transaction.

The first assignment of error is sustained. The judgment is reversed and a new trial awarded.