# Elin, Appellant, *v.* Mark.

*Brokers—Real estate brokers—Commissioners—Procuring purchaser.*

Where a contract between an owner of land and a real estate broker provides that the broker shall receive a commission of five per cent if he procures a purchaser for the land at $225 per foot, the contract is not complied with by the broker procuring a purchaser at $150 per foot, who orally agrees to pay the amount, but fails to do so when called for settlement, although this prospective purchaser subsequently buys the land from a person to whom the owner sold it, the owner making the deed directly to the party who had been originally interested by the broker, but it not appearing that, on any theory, the plaintiff had fulfilled his contract to obtain a purchase at $225 per foot.

Argued December 1, 1926. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 268, Jan. T., 1926, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1924, No. 13707, refusing to take off nonsuit, in case of David M. Elin v. Louis Mark. Affirmed.

Assumpsit for broker's commissions. Before Bartlett, P. J.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting record.

*Lionel Teller Schlesinger,* for appellant.

*H. M. McCaughey,* for appellee, was not heard.

Per Curiam, January 3, 1927:

This is an appeal from the refusal to take off a nonsuit. The facts on which the court below determined

the case are shown in the following excerpts from its opinion: "Defendant owned a......tract of ground ......which he placed in the hands of J. T. Jackson & Co. for sale. [Subsequently, in August, 1923,] plaintiff......asked about the ground [and] was told by defendant that he wanted $225 per foot for it and...... if plaintiff could obtain a purchaser for it he would pay him a commission of five per cent. Plaintiff subsequently interested a man by the name of Cylinder, who agreed, on August 21, 1923, to pay $150 a foot and defendant agreed to sell. This was an oral agreement [without any earnest money or other valuable consideration passing between the parties]. Plaintiff asked for two days' time to arrange for financing [but no date for final settlement was mentioned]. On September 6, 1923, defendant's agent, Jackson & Co., wrote to plaintiff stating they had a purchaser for the property and asked plaintiff to stop in and see whether it was the same person he had in mind. It was ascertained it was not, and plaintiff was then told to produce his man at once, otherwise the property would be sold to the Jackson client. Plaintiff failed to produce his man...... and the property was sold by Jackson & Co., under a written agreement, to a man by the name of Drill. Subsequently,......Drill sold to Cylinder, the man plaintiff originally had talked to about the property...... The deed was made directly from the defendant to Cylinder."

The nonsuit was entered on the ground that plaintiff failed to establish "by any sufficient evidence," that he had "produced a purchaser who was ready and willing, and subsequently did, as a result of [or] through his efforts, alone, buy this property." Plaintiff's contention to the contrary rests on the ground that the sale of the property to Drill, who, in the written agreement, is designated as "agent," with no principal disclosed, "might well be considered a mere subterfuge to get rid of paying plaintiff his commission." The

court below was not impressed that such a conclusion of fraud could be premised on the evidence produced by plaintiff, and, no doubt, this is what it meant by saying that plaintiff had not established his case by "any sufficient evidence." After reading the testimony in full, we cannot say the court below was wrong in basing its decision on the ground which it adopted; but, be that as it may, plaintiff's own testimony concerning his contract with defendant shows that he did not meet its conditions, and, therefore, that he did not earn the commission in suit. Plaintiff said that defendant stated to him that his price was $225 a foot and that he would pay a commission of five per cent, if plaintiff procured a purchaser "who will buy the ground." Then this question and answer appear: "Q. So that if you only got $5, then you would get a commission? A. No, he did not specifically say that. He said he would pay a commission at $225. He said, 'If you get me a buyer at that price, I will pay you a commission of five per cent.'" Thus it appears that the contract between plaintiff and defendant was that, if the former got the latter a buyer for his land at $225 a foot, he was to be paid the commission sued for; but it nowhere appears that defendant, or anyone else, had obtained a purchaser at $225 per foot front; on the contrary, on plaintiff's own showing, the land was sold at $150 per foot. So we may see that plaintiff states the only contract for a commission, to which he testified, in plain terms, and, in equally plain terms, showed that he had not performed it; he is not entitled to recover on such proofs, and the court below properly entered a nonsuit. See Bennett v. Crew Levick Co., 288 Pa. 180.

The order, or judgment, appealed from is affirmed.