Morris, Appellant, *v.* Minnick.

Argued October 11, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*J. Elwood Dukes,* and with him *Ruby R. Vale,* for appellant.—The evidence as to the contract between the parties was conflicting and sufficient to sustain a verdict in favor of plaintiff: Federal Sales Co. v. Farrell, 264 Pa. 149; Gandy v. Weckerly, 220 Pa. 285; Noel v. Kessler, 252 Pa. 244.

*Francis A. McCarron,* for appellee, cited: West Hickory Mining Association v. Reed, 80 Pa. 38; Black Company v. Baker, 88 Pa. Superior Ct. 206; Carson v. Baillie, 19 Pa. 375; Second National Bank of Reading v. Yeager, 268 Pa. 167; Cain v. Marick, 91 Pa. Superior Ct. 129; Gantert v. Young, 87 Pa. Superior Ct. 473.

OPINION BY TREXLER, J., December 13, 1928:

The plaintiff entered into an agreement with the defendant, a real estate broker, for the sale of her real estate. He procured a purchaser for the property who was satisfactory to the plaintiff and an agreement was prepared and executed by the parties. In accordance with the provisions of the agreement, the purchaser paid $2,000 down money, one thousand dollars being retained by defendant on account of commission. The time for settlement was fixed within ninety days of the date thereof, title to the property was to be such as "will be insured by any reputable title company at their regular rates." The plaintiff gave the defendant a writing authorizing him to sell the property in question and agreed "to pay said Alfonso J. Minnick a commission of fifteen hundred and sixty-two 50/100 dollars on sale of above mentioned property said commission includes cost of advertising." On the back of the agreement of sale, the plaintiff signed the following receipt: "Received, June 9, 1923, of

Alfonso J. Minnick, the day of the date of the within agreement, the sum of two thousand dollars on account of purchase money named therein, less one thousand dollars on account of commission due him.'' Afterwards there was a receipt given by the defendant to the plaintiff for the $1,000 which stated the balance due to be $562.50. The sale failed by reason of the fact that the plaintiff could not give a clear title. Application had been made to a reputable title company and it refused to insure to the title, stating that there was an outstanding title in certain persons.

The present suit is brought to recover the thousand dollars received by the defendant as commission. The plaintiff, while not denying the written agreement which provides for the payment of commissions on a sale of the property, alleges a contemporary parol agreement which was to the effect that the commissions were to be paid only if the sale went through or when settlement was made. The court submitted the matter to the jury who found in favor of the plaintiff, but afterwards entered judgment non obstante veredicto in favor of the defendant for the balance due, to wit, $562.50.

The testimony of the plaintiff, in support of the contemporary parol agreement, was not consistent. At one time, she stated that the commission was to be paid when there was an ''actual'' sale. Repeatedly she said it was to be paid ''when the sale was made'' and other times that it was to be made ''when settlement'' was had. The witness who was called on her behalf testified that the defendant promised to return the $1,000 to the plaintiff, provided the purchaser did not go through with it. The purchaser did not default, the lack of full performance was due to plaintiff's inability to give a good title. There is no allegation of fraud, accident, or mistake. It hardly needs any citations of authorities to show that the sale was made when the agreement was signed. Sutter's

Heirs v. Ling, 25 Pa. 466; Deiper's Appeal, 35 Pa. 420; West Hickory Mining Association v. Reed, 80 Pa. 38; Bender et al. v. Lucenbach, 162 Pa. 18. The defendant had procured a party satisfactory to the plaintiff who contracted in writing for the property at a price fixed by her and who was able and willing to carry out his part of the contract. Hipple v. Laird, 189 Pa. 472; Black Company v. Baker, 88 Pa. Superior Ct. 206, 208; Irons v. Snyder, 49 Pa. Superior Ct. 522. The purchaser was within his rights when he refused to take the property; ninety days had expired and it appears in the testimony that the plaintiff considered the matter closed, for she went to her agent and took back her title papers. The collateral agreement was not shown by proof that was clear and satisfactory and the subject was fully covered in the written contract. What the plaintiff understood by the expression that the commissions were to be paid when the sale was made is not the criterion. As the trial judge states: "The question is not what she construed this language to mean but what construction the law places upon it." The court was, therefore, right in entering judgment for the defendant.

Another matter was raised by the plaintiff which requires consideration. The plaintiff in her statement averred the alleged collateral agreement under which the commission was not to be paid until final settlement. Following the provisions of the Act of 14th May, 1915, P. L. 483, the plaintiff's allegations appear in paragraphs numbered consecutively and in several instances, the defendant has replied by a mere denial which is not in accordance with the provisions of the act nor following the practice set out in Buehler v. U. S. Fashion Plate Co., 269 Pa. 428. The plaintiff argued and insisted at the trial that mere denial was equivalent to admission. It appears, however, that although specific denials did not appear in the corresponding paragraphs of the affidavit of defense, in

other paragraphs in connection with the counter-claim of the defendant, he did make the specific denial. The objection, therefore, to the affidavit of defense is rather to form than to substance. She has denied specifically the plaintiff's allegation as to the contemporaneous agreement. Presumably the intention of the act was that the allegations of plaintiff's statement of claim were to be denied categorically paragraph by paragraph, but the fact nevertheless remains that the defendant has denied specifically the averment as to the contemporary agreement and we do not feel that we should reverse and send the case back for a new trial.

The judgment of the lower court is affirmed.