Prenzel, Trustee, *v.* Apex Hosiery Co., Inc., Appellant.

Argued December 3, 1929.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Otto Kraus, Jr.*, with him *Arno P. Mowitz* and *Wm. Clarke Mason,* for appellant.—Plaintiff was not entitled to recover: Bennett v. Crew-Levick Co., 288 Pa. 180; Elin v. Mark, 288 Pa. 186; Dorsheimer v. Machinery Co., 81 Pa. Superior Ct. 46; Shenango Limestone Co. v. R. R., 262 Pa. 446; Harris v. Blitzstein, 84 Pa. Superior Ct. 498; Kehres v. Stuempfle, 288 Pa. 534; Turner v. Baker, 225 Pa. 359; Stegmaier v. Coal Co., 225 Pa. 221.

*Henry J. Scott,* with him *Louis Goodfriend,* for appellee.—The record does not show a variance between allegata and probata: Weiskircher v. Connelly, 256 Pa. 387; Achenbach v. Stoddard, 253 Pa. 338; Leh v. Dutt, 66 Pa. Superior Ct. 171; Clark v. Steele, 255 Pa. 330.

Where the evidence is conflicting, whether plaintiff was employed to negotiate a purchase of real estate and whether he was the efficient cause, was a question for the jury: Croll v. McCullough, 242 Pa. 431; Black v. Baker, 88 Pa. Superior Ct. 206; Carr v. Jakoby, 89 Pa. Superior Ct. 299; MacDonald v. Smith, 86 Pa. Superior Ct. 496.

OPINION BY MR. JUSTICE SCHAFFER, January 6, 1930:

This is a suit to recover an agent's commissions alleged to be due on the purchase price of real estate bought by defendant. Recovery was had in the court below for the full amount claimed. Defendant appealing to us for judgment in its favor, argues some questions which were not raised in the court below on the trial or thereafter. It presents to us a matter of alleged variance between pleadings and proof, the departure being in a declaration for commissions on purchases, irrespective of prices fixed by the buyer, and proof, so it is said, of a contract to purchase only at fixed prices.

While it is true the matter of an alleged variance was presented to the court below on the trial and argued in support of the motion for judgment non obstante veredicto, the departure then set up is not the one brought to our attention. The trial judge in his opinion says that the variance raised on trial and on argument after the verdict was as to the date of the oral agreement which is the foundation of the action. Appellant cannot change its ground and present to us on appeal a new position not put forward in the court below: Merion Twp. School Dist. v. Evans, 295 Pa. 280; Kohn v. Burke, 294 Pa. 282; Linck v. Plankenhorn, 286 Pa. 319; Consolidated Cigar Corp. v. Corbin, 285 Pa. 273; Weiskircher v. Connelly, 256 Pa. 387; Achenbach v. Stoddard, 253 Pa. 338. We are of opinion, however, that there was no variance. Appellant's endeavor is to bring itself within the ruling laid down in such cases as Bennett v. Crew-Levick Co., 288 Pa. 180; and Elin v. Mark, 288 Pa. 186, where fixed prices of purchase or sale were provided for in the contracts and where these prices were not made effective by the agent. This is not that kind of case. Here, while prices were named by the buyer to plaintiff at which the purchases were to be made, if possible, these figures were subsequently raised when it was concluded that the deals could not be made on their basis.

There is really no doubt under the evidence that defendant engaged plaintiff to carry on negotiations with the owners of the properties which it desired to acquire. Certain prices were suggested which the buyer was willing to pay and the agent authorized to offer; these not proving attractive to the owners, defendant, acting through its president, authorized increases in the offerings. In at least one instance the representative of plaintiff concluded the purchase by having the contract therefor signed by the sellers and delivering to them defendant's check, which had been entrusted to him for the purpose of binding the bargain. While plaintiff was

carrying on the negotiations, defendant itself entered into the transactions and actually made some of the purchases. This, however, would not deprive plaintiff of its right to the commissions where it appears, as it does, that it had opened the negotiations with all the sellers and carried them on and had actually brought the parties together: 9 C. J. 619, 591; Gibson's Est., 161 Pa. 177; Hartley v. Anderson, 150 Pa. 391; Reed's Exrs. v. Reed, 82 Pa. 420; Keys v. Johnson, 68 Pa. 42.

We have considered all the errors assigned and none has merit. The complaint that the court left the interpretation of the parol contract between the parties to the jury (Machen v. Budd Wheel Co., 294 Pa. 69,) is not well made when the whole charge is considered. The court stated the legal effect of the contract if the jury found its terms. The alleged error in the exclusion of testimony sought to be elicited by defendant is inconsequential as the rejected testimony could not have affected the verdict.

The judgment is affirmed.