Business Realty Co., Appellant, *v.* Schaffer.

Argued April 28, 1930. Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*James R. Sheppard,* and with him *A. C. Purdy,* for appellant.

*Lewis Little,* and with him *George Little,* for appellee.

OPINION BY KELLER, J., July 10, 1930:

The plaintiff entered judgment against the defendant for $1,150 on a warrant of attorney contained in a contract signed by the parties, wherein the defendant constituted the plaintiff his exclusive agent to sell his hotel business, fixtures and equipment, located at 805 Duquesne Way, Pittsburgh, in a building owned by a third party and leased to defendant, for the sum of $11,500, or such less sum as the defendant might in writing authorize the agent to accept. On petition of the defendant the court opened the judgment. On the trial a verdict in favor of the plaintiff was directed by the court, but subsequently judgment non obstante veredicto was entered for the defendant. Plaintiff has appealed.

This is not the ordinary case of the sale of real estate owned in fee by the seller. The agreement related to the sale of a *business* carried on by the seller in a leased building. Unless the purchaser could secure the necessary consent of the landlord to the assignment of the lease and an extension of the term he was un-

willing to buy; hence it was entirely proper to insert a clause in the agreement of sale that the agreement should be null and void unless such consent was obtained. The plaintiff did not procure a purchaser willing to buy without conditions, or effect a sale unconditional in its terms; but only arranged for a sale, at a much less sum, to take effect on condition that the landlord agreed to the assignment and extension of the lease, the agreement to be null and void and of no effect unless such consent was obtained. The landlord refused to assign or extend the lease, the sale never was effected, and the plaintiff's commission, in consequence, never was earned or recoverable. Citations from court opinions must be read in the light of the attendant facts. They are not always to be applied in totally diverse circumstances. If the sale arranged by a broker is expressly conditioned on obtaining the consent of a third party to the transaction, his commissions are not earned or payable unless and until the condition is fulfilled, and the consent obtained; provided the seller has acted in good faith and done nothing to prevent the obtaining of such consent, as was admittedly the case here.

On the second point raised by appellant, when a judgment has been opened and the trial has resulted in favor of the defendant, the appellate courts should not set aside the judgment on the merits, if supported by competent evidence, by too rigid adherence to technical rules in passing on an assignment of error complaining of the opening of the judgment. We may add, however, that on the facts averred in the petition to open, and admitted or not denied in the answer, the court was justified in opening the judgment.

The assignments of error are overruled and the judgment is affirmed.