## Tice *v.* Easterday, Appellant.

458

Argued March 11, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Irving W. Coleman,* for appellant.

*Everett Kent,* with him *Joseph Capozzola,* for appellee.

OPINION BY BALDRIGE, J., April 15, 1942:

William T. Easterday, appellant, the owner of real estate situate in Northampton County, on July 19, 1938, entered into an agreement with Howard R. Tice, a real estate agent residing in Washington, New Jersey, with a business office in Easton, Pennsylvania. The agreement read in part as follows: "The undersigned hereby employs Howard R. Tice, as the sole and exclusive agent for the sale of property described above hereof for a term of six months, and agrees to pay to the said agent a commission (10%) on the gross con-

sideration upon its sale or exchange, by whomsoever the same may be made or made effected."

Tice, the plaintiff, claims that he obtained a prospective purchaser, Mrs. Anna B. Ruch, and that on August 8, 1938, a written agreement of sale for a consideration of $2,250 was entered into between the defendant and Mrs. Ruch. It was stipulated therein that the property was to be conveyed free and clear of all encumbrances. The time for the performance was stated to be "within fifty-three days from the date hereof, said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon."

Mrs. Ruch paid to Easterday, through Tice, $100. When the title to the property was searched it was discovered that there was an encumbrance of $428.21 on the property for unpaid taxes. Tice testified that on September 13, 1938, he informed Easterday of the unpaid taxes and the amount thereof and that a few days later he called on Easterday, discussed the existence of the encumbrance, and offered to pay the balance of the purchase price of $2,150 upon the satisfaction of the tax lien. Mrs. Ruch said she had given money to Tice to effect the settlement. The sale was never consummated and subsequently Easterday conveyed the premises to other parties. Suit was brought to recover the commissions alleged to be due under the terms of the contract. A trial was had which resulted in a verdict in favor of the defendant. Thereafter the court below granted plaintiff's motion for judgment n. o. v. and entered judgment in favor of the plaintiff in the sum of $260.43. Hence this appeal.

The appellant's first position is that the plaintiff failed to establish by competent evidence that he was a duly licensed real estate broker on August 8, 1938, when he rendered the services for which he claims commissions. Section 16 of the act approved May 1, 1929, P. L. 1216, 63 PS §446 provides as follows: "No action

or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person, copartnership, association, or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such person, copartnership, association or corporation was duly licensed hereunder as real estate broker at the time of the doing of such act or the rendering of such service."

The plaintiff in his amended statement of claim, sworn to April 9, 1940, averred that he "is a licensed real estate broker." In his testimony at the trial, which occurred on October 15, 1940, he stated that he was at that time licensed as an operator to sell real estate. When asked whether he had his license with him, he replied: "For 1936, I do not have a 1938 license here with me but I can get it soon." He produced a small card (Exhibit 8) certifying that he had been duly licensed as a real estate operator, under a license issued the first day of January 1936, which contained this statement: "This license is invalid unless renewed on or before January 1st, of the next succeeding year." Another card (Exhibit 9) in the same form was produced later. It showed a renewal of a registration for a term expiring February 28, 1939. But there was no date on that renewal card indicating when it had been issued. That may, or may not, have been prior to August 8, 1938.

The plaintiff had notice that the defendant questioned whether he, a non-resident, was a duly licensed real estate broker in Pennsylvania. That issue was specifically raised in the pleading. He had every reason to believe the defendant would demand legal proof at the trial, as he did, of that fact vital to recovery. Plaintiff neither averred in his statement of claim, testified at the trial, nor do the cards offered in evidence show that he was in fact a duly licensed real estate broker

at the time he claims compensation for services. If the license had been issued proof thereof was obtainable. Section 4 of the Act of 1929, supra, 63 PS §434, provides for the method of procuring evidence for proof of a license. The learned court below evidently had some misgiving as to whether the proof was sufficient to establish that plaintiff had a license when the services were rendered. In any event he left that question for the jury's consideration. The verdict in favor of the defendant tends to show that it determined that issue adversely to the plaintiff.

In *Burns v. Gartzman et ux.,* 139 Pa. Superior Ct., 453, 457, 462, 11 A. 2d 708, this court, speaking through Judge CUNNINGHAM, said: "The statutory provision that no person can recover a commission unless he was duly licensed at the time he rendered the services for which he claims compensation is merely declaratory of the principle established by our appellate decisions prior to the approval of the Act of 1929 ...... It has been firmly established that the securing of a license is a condition precedent to the lawful transaction of business by a real estate broker and that he cannot have the aid of the courts to recover commissions which were earned before he received a license. 'Subsequent compliance with the law will not cure the illegality of previous transactions': (Citing cases)."

It may be that the failure to aver and definitely prove that at the time the services were rendered the plaintiff was a duly licensed real estate broker is an omission which may be supplied. We are inclined to give him an opportunity to overcome lack of proof if he can, and with this end in view we will reinstate the motion made in the court below for a new trial. The court then may consider whether the plaintiff can successfully establish proof of the fact essential to recovery in this case.

As a new trial may be granted in this case it may be well for us to state that we are in accord with

the views of the learned court below as expressed in his opinion granting judgment n. o. v., that the right of the plaintiff to recover was based upon proof of showing that he had secured a purchaser with whom the defendant had entered into a contract of sale. The agreement provides, as above noted, that the commission was earned upon the sale or exchange of the property. The sale was made, in so far as the broker's commissions are concerned, when the agreement was entered into between the seller and the purchaser.

In *Black Company v. Baker,* 88 Pa. Superior Ct. 206, we said: "When the owner is satisfied with the purchaser produced and actually contracts with him in writing, the question of whether the purchaser is able, ready and willing to consummate the purchase on the day set for settlement does not enter into the case; provided there was no fraud or bad faith on the broker's part ......" The inability of the vendor to clear his title of encumbrances after an agreement with a responsible party was entered into, did not of itself relieve him of his liability to his broker for commissions.

Judgment is reversed and the motion for a new trial reinstated.