# White Realty and Insurance Agency Company *v.* Moreland et ux., Appellants.

424

Argued September 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*H. Kenneth Butera,* with him *Huganir, Butera and Detwiler,* for appellants.

*Harold T. Commons, Jr.,* with him *Semisch and Commons,* for appellee.

OPINION BY MONTGOMERY, J., November 12, 1969:

Plaintiff-appellee, White Realty and Insurance Agency Company (White), in an action of assumpsit based on an oral contract, sought to recover from the appellants-defendants, Joseph A. Moreland et ux., a commission for the sale of the Morelands' real estate in Montgomery County, Pennsylvania. Judgment on the pleadings was rendered in White's favor for the amount claimed by White, $2,670, and this appeal followed.

In its complaint, White alleged, "5. On or about May 1966, the defendants, orally, employed White Realty and Insurance Agency Company to procure a purchaser for the property of the defendants. . . ." and "6. By the terms of said agreement the defendants agreed to pay plaintiff 6 per cent of the sale price of the said premises, which sales price was to be a minimum of $44,500.00." A copy of an agreement of sale of the property, for $44,500, dated May 26, 1966, signed by the Morelands and John J. Stein, as purchaser, was attached to the complaint as Exhibit A.

White alleged that it had presented this agreement to the defendants and claimed a commission of $2,670. In their answer the defendants admitted those allegations. The agreement of sale contained the following controversial provision. "Sellers warrant that the said location is zoned commercial at the time of final settlement." In Exhibit A, situated below the agreement of sale and the signatures of Stein and the Morelands affixed thereto, is a writing, which reads, "Seller hereby agrees to pay, at or prior to the time of settlement hereunder, a sales commission, in the sum of Two Thousand Six Hundred Seventy ($2670.00) Dollars to White Realty & Insurance Agency Company for services rendered in effecting this sale."

Appellants' defense is based on two facts which they alleged in New Matter and which were not denied by White's Reply. First, the property was not zoned commercial at the time of final settlement and the purchaser refused to settle for that reason. Second, White prepared the agreement of sale. Their primary contention is that the sales agreement negotiated by the broker, White, was a conditional contract because of the provision as to zoning contained therein and, since the contingency did not occur, the broker's right to a commission expired. They further argue that, if there is any ambiguity in the written agreement, it must be construed most strongly against White, which prepared it.

On the present state of the record before us, we do not believe it is material to the issue that White drafted the agreement of sale, except to establish the fact that it knew of its contents. Not only is White not a party to the agreement of sale, but it also brought its action in assumpsit exclusively on an oral contract, thereby excluding the theory of its being a third party beneficiary to the writing in Exhibit A referring to its commission. Such provision is not a part of the agree-

ment between the Morelands and Stein since it was not signed by the latter. Moreover, White never amended paragraph 5 of its complaint, supra, even after the Morelands filed their New Matter.

The vital question in this case is whether White fulfilled all the terms of the oral contract for the sale of the Morelands' property. Generally, on an oral contract for the sale of realty or to find a purchaser for realty entered into between a broker and vendor, the contract of the broker is fulfilled when he finds a purchaser ready, able, and willing to purchase the property upon agreed terms. *Sork v. Rand,* 422 Pa. 512, 222 A. 2d 890 (1966). Also, generally, when the owner is satisfied with the purchaser produced by the broker, and actually contracts with him, the question of whether the purchaser is able, ready, and willing to consummate the purchase on the day set for settlement is immaterial if there is no fraud or bad faith on the broker's part. *Tice v. Easterday,* 148 Pa. Superior Ct. 457, 25 A. 2d 754 (1942) ; *Black Company v. Baker,* 88 Pa. Superior Ct. 206 (1926). Nevertheless, the broker is entitled to his commission only where he achieves a result, negotiates a contract, deal, or transaction, or procures from a customer an offer or proposed contract containing a price, term, or condition no different from that which he is authorized to procure or negotiate. *Elin v. Mark,* 288 Pa. 186, 135 A. 734 (1927). On the alleged facts before us and the legal principles cited above, we conclude that White did not fulfill its contract with the Morelands. It found a buyer for the property on terms different from those agreed to in its oral contract with the owners, i.e., a change of the zoning regulations pertaining to the property not originally contemplated.

The appellants contend that White negotiated a conditional contract and for that reason it should not recover since the condition was not fulfilled. It is

unquestioned that a broker has not fulfilled the terms of his oral contract to sell realty where he has negotiated a conditional sales agreement, *Sork v. Rand,* supra; *Business Realty Company v. Schaffer,* 99 Pa. Superior Ct. 175 (1930); *McDonald v. Kimmell,* 70 Pa. Superior Ct. 282 (1918); *S. V. Thompson Company v. Goldman,* 41 Pa. Superior Ct. 209 (1909), except where the fulfillment of the condition of the sales agreement is entirely within the control of the seller. *Perry v. Spellman,* 194 Pa. Superior Ct. 555, 168 A. 2d 615 (1961). Where there is nothing said about conditions in the broker contract, the real estate broker may procure a purchaser willing to contract on reasonable conditions. *Schreibstein v. Cohen,* 89 Pa. Superior Ct. 252 (1926). Such reasonable conditions include the seller's warranty of marketable title and implied or express warranties of title and the transfer of property free of liens and encumbrances. *Ticc v. Easterday,* supra; *Black Company v. Baker,* supra. However, it has been held, where the sale of realty arranged by a broker is expressly conditioned on obtaining the consent of a third party to the transaction, and the condition is not fulfilled, the seller having acted in good faith and having done nothing to prevent the obtaining of such consent, the broker is not entitled to recover his commission. *Business Realty Company v. Schaffer,* supra. Although in the present case the consent of a third party to the agreement is not a factor, there is, however, an equally important factor in this agreement which requires the consent of a third party, namely, the municipality, to a change in a condition under which the property is to be sold.

Appellee, on the contrary, contends that the sales agreement was unconditional for the reason that the use of the word "warrant" therein created an enforceable promise rather than a contingency. The word "warrant" has no positive meaning but varies with the

circumstances under which it is used. Ordinarily, a warranty is an agreement to be responsible for all damages that arise from the falsity of a statement or assurance of a fact, but the statement or assurance is sometimes the condition upon which an executory sale is made although it may be called a warranty. 46 Am. Jur. Sales §299. In insurance contracts warranties may be affirmative or promissory. Affirmative warranties are statements of supposedly existing facts, on the truth of which the insurer's duty depends. Promissory warranties are agreements that the insurer's duties shall be conditional on the future existence or happening of certain facts. *The Lycoming Insurance Company v. Mitchell & Boyle,* 48 Pa. 367 (1864) ; *Karp v. Fidelity-Phenix Fire Insurance Company,* 134 Pa. Superior Ct. 514, 4 A. 2d 529 (1939) ; 5 Williston on Contracts, Third Edition §673, pp. 172, 173. We do not give unqualified meaning to the word warrant in this written contract for the sale of the property for the reasons hereinbefore expressed and for the further reason that the words warranty and guaranty are often used interchangeably, the former generally meaning that a certain fact regarding the subject of a contract is what it has been represented to be. *Allen v. Mitten Bank Securities Corporation,* 129 Pa. Superior Ct. 341, 195 A. 459 (1937). We conclude that the warranty in this agreement was not a promise on the part of the Morelands to secure a change in the zoning but that it was, as in the insurance contracts previously mentioned, an agreement that the vendee's duties would be conditional on the future existence of the fact that the property was zoned as commercial property. This interpretation is supported by the further principle that contracts which tend to interfere with the administration of government are unenforceable. *Kribbs v. Jackson,* 387 Pa. 611, 129 A. 2d 490 (1957) ; *Belfonte v. Miller,* 212 Pa. Superior Ct. 508,

243 A. 2d 150 (1968). To contract for the accomplishment of something that is within the legislative discretion of a municipal body could give rise to improper methods which are to be discouraged as against public policy. Therefore, our interpretation of this clause as a condition rather than an enforceable promise to secure legislative change is consistent with the established principle that contracts are to be interpreted so as to give them a legal effect.

Since we find that White negotiated a sale materially different in terms from those reasonably intended under its contract with the vendors, we conclude that it did not fulfill its obligation under its brokerage contract and is not entitled to a commission.

Judgment reversed and entered for the appellants-defendants.