385 A.2d 566

**BERT L. KIZER AND ASSOCIATES, INC., Appellant,**

**v.**

**Irvin S. NAYLOR, Lok-Box, Inc. and Cor-Box, Inc.**

Superior Court of Pennsylvania.

Argued March 15, 1977.

Decided April 13, 1978.

Nevin Stetler, York, with him Stetler & Gribbin, York, for appellant.

Donn I. Cohen, York, with him Liverant, Senft & Cohen, York, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal from the order of the Court of Common Pleas of York County, Civil Division, which sustained appellee's preliminary objection in the nature of a demurrer.

Appellant, Bert L. Kizer and Associates, Inc., and appellee, Irvin S. Naylor and Lok-Box, Inc., Cor-Box., Inc., entered into the following agreement:

### SALES AGREEMENT

"The undersigned, for and in consideration of $1.00 and other good and valuable considerations, receipt of which is hereby acknowledged, authorize Bert L. Kizer & Associates to sell the 20,700 shares of Cor-Box, Inc. owned by Lok-Box, Inc.

"Bert L. Kizer & Associates is appointed sole agent for the sale of these shares for a period of six months from August 17, 1973 to February 17, 1974 inclusive. The asking price is to be $24.85 per share in cash or tradable, collaterable securities, at seller's option.

"It is understood and agreed that if the shares are sold (1) during the above mentioned period Bert L. Kizer & Associates will receive 5% of the total selling price for their efforts and services in effecting said sale.

Read and accepted:
Irvin S. Naylor
For & on behalf of
Cor-Box, Inc."

Appellant alleges that he furnished a buyer willing and able to buy as per the terms of the agreement. The agreement had been extended as to time. The appellee refused to sell after buyer was produced and appellant sued for his commission.

The court below held that the right to commission did not accrue until the stock was physically sold and transferred according to the agreement. Citing cases which had agreements containing contingent and conditional terms which were not complied with by one of the parties.

The agreement here contains no such contingencies. No right of refusal was set forth and the agent did all that was required of him.

A broker earns his commission when he produces a buyer, ready, willing and able to buy according to the terms set forth in the agreement by the principal, unless conditions or contingencies contained in same are not satisfied. *Dixon v. Andrew Tile and Manufacturing Corp.*, 238 Pa.Super. 275, 357 A.2d 667 (1976).

Order reversed and case remanded for disposition of preliminary objections by court below.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, J., concurs in the result.