458 A.2d 1021

**Edmund J. ZITZELBERGER t/d/b/a Zitzelberger Realtors**

**v.**

**Harry J. SALVATORE and Margaret M. Salvatore, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 12, 1982.

Feb. 25, 1983.

Reargument Denied May 9, 1983.

Petition for Allowance of Appeal Denied Oct. 13, 1983.

404

Thomas F. Morgan, Clearfield, for appellants.

Timothy E. Durant, Clearfield, for appellee.

Before CERCONE, President Judge, and WIEAND and BECK, JJ.

WIEAND, Judge:

Where improved real estate is sold by a broker but the improvements are destroyed by fire prior to final settlement and the seller voluntarily releases the buyer from further obligation under the contract of sale, is the broker entitled to recover his commission for effecting the sale? The trial court held that the broker was entitled to recover a commission and refused to enter judgment n.o.v. for the seller after a jury had returned a verdict in favor of the broker. We affirm.

■ The principle is well established that a real estate broker becomes entitled to his commission when he or she presents a purchaser who is ready, willing and able to purchase the property upon terms satisfactory to the seller. *Dixon Estate*, 426 Pa. 561, 563 n. 2, 233 A.2d 242, 244 n. 2 (1967); *Sork v. Rand*, 422 Pa. 512, 517, 222 A.2d 890, 893 (1966); *Kizer and Associates, Inc. v. Naylor*, 254 Pa.Super. 143, 145, 385 A.2d 566, 567 (1978); *Shumaker v. Lear, et al.*, 235 Pa.Super. 509, 512, 345 A.2d 249, 251 (1975); *White Realty and Insurance Agency Co. v. Moreland et ux.*, 215 Pa.Super. 423, 427, 259 A.2d 461, 463 (1969). When a buyer defaults after an agreement has been fully executed and the seller, instead of enforcing the sales agreement, releases the buyer and agrees to rescind the contract, the broker who procured the purchaser is nevertheless entitled to be paid his commission. *Realty Investments, Inc. v. Harris, et al.*, 166 Pa.Super. 211, 70 A.2d 427 (1950); *Advance Realty Co. v. McLeod*, 84 Pa.Super. 558, 560–561 (1925). See: Annot., 74 A.L.R.2d, 437, 459–460 (collecting cases). See also: *Shumaker v. Lear, supra* 235 Pa.Super. at 513, 345 A.2d at 251; *White Realty and Insurance Agency Co. v. Moreland, supra* (whether purchaser is able, ready, and willing to consummate the purchase on the day set for settlement is immaterial to the broker's right to a commission in the absence of fraud).

■ The general rule is that a purchaser must bear any loss to the property caused by fire after the contract to purchase has been executed and before delivery of the deed. See: *DiDonato ex ux. v. Reliance Standard Life Insurance Co.*, 433 Pa. 221, 224, 249 A.2d 327, 328 (1969); *Synes Appeal*, 401 Pa. 387, 391, 164 A.2d 221, 223 (1960); *Rappaport v. Savitz*, 208 Pa.Super. 175, 177, 220 A.2d 401, 403 (1966). The purchaser becomes equitable owner of the land upon execution of the contract; the seller retains legal title merely as security for payment of the unpaid purchase money. *DiDonato et ux. v. Reliance Standard Life Insurance Co., supra; Payne v. Clark*, 409 Pa. 557, 561, 187 A.2d 769, 770 (1963); *Spratt v. Greenfield et al.*, 279 Pa.

437, 124 A. 126 (1924); *Yannopoulos v. Sophos*, 243 Pa.Super. 454, 459, 365 A.2d 1312, 1314 (1976); *Byrne et ux. v. Kanig*, 231 Pa.Super. 531, 535, 332 A.2d 472, 474 (1974). In cases where improvements are destroyed by fire prior to final settlement, the seller holds in trust for the purchaser the proceeds of any policy of fire insurance owned by the seller at the time of the loss. *Insurance Co. of North America v. Alberstadt, et al.*, 383 Pa. 556, 559–560, 119 A.2d 83, 85 (1956); *Dubin Paper Co. v. Insurance Co. of North America et al.*, 361 Pa. 68, 63 A.2d 85 (1949); *Dominski v. Garrett*, 276 Pa.Super. 18, 27, 419 A.2d 73, 77 (1980).

[6] These general principles, when applied to the facts of this case, make it abundantly clear that the appellee-broker was entitled to recover his commission from the appellant-seller. Appellee earned his commission when he produced a purchaser with whom appellant entered a written contract to sell improved real estate in Pike Township, Clearfield County. When the improvements were destroyed by fire, the risk of loss was upon the purchaser and he remained obligated to accept title to the real estate and pay the seller the unpaid balance of the purchase price. However, the buyer was entitled to receive the insurance proceeds, if any, recovered by the seller pursuant to any policy of fire insurance which the seller owned and which covered the improvements on the land sold. A seller, under these circumstances, cannot defeat the broker's right to be paid a commission by voluntarily rescinding the sales agreement and releasing the buyer from further liability thereon.

■ Appellant concedes that this is the present state of the law but contends that the law unduly favors the real estate broker and should be changed. He argues that where the buyer is unable to close the transaction through no fault of the seller the broker should not be entitled to receive a commission, that the loss of a commission under such circumstances should be borne by the broker as a hazard of the real estate business. This view, which has been adopted by a growing minority of jurisdictions, condi-

tions the broker's right to a commission upon his finding a purchaser who actually closes the transaction by paying the agreed purchase price. See: *Harrin v. Brown Realty Co., Inc.*, 226 Kan. 453, 602 P.2d 79 (1979); *Wyand v. Patterson Agency, Inc.*, 271 Md. 617, 319 A.2d 308 (1974); *Cornett v. Nathan*, 196 Neb. 277, 242 N.W.2d 855 (1976); *Ellsworth Dobbs, Inc. v. Johnson*, 50 N.J. 528, 236 A.2d 843 (1967); *Setser v. Commonwealth, Inc.*, 256 Or. 11, 470 P.2d 142 (1970); *Gibson Bowles, Inc. v. Montgomery*, 51 Or.App. 313, 625 P.2d 670 (1981). See also: 72 Dick.L.Rev. 522 (1968).

This minority view is not consistent with the present state of the law in Pennsylvania. If the rule of law is to be changed, it must be done by the Supreme Court. Meanwhile, we are not at liberty to disregard well established legal principles in favor of flight into unprecedented and novel solutions to existing disputes. Moreover, there is no compelling reason to fashion a new rule in order to decide the instant case. Here, the evidence failed to establish that the purchaser of appellant's real estate was financially unable to close the transaction. Although he failed to purchase fire insurance protection, as he was required to do by the provisions of the sales agreement, there is no evidence that he lacked or was unable to obtain the resources to complete the purchase. He would also have been entitled to receive from appellant any moneys recovered by appellant by virtue of the insurance coverage maintained on the property.[1]

■ Appellant contends also that a broker's right to a commission may be defeated by his negligence in failing "to make certain that the buyer has secured insurance as contracted." He argues in this case that the trial court

1. The policy of fire insurance maintained by appellant was wrongfully cancelled by the broker who handled appellant's insurance business after the agreement of sale had been executed. Because the insurance broker acted negligently and without authority, appellant recovered the sum of $40,000.00 from his agent's errors and omissions liability carrier. This was determined to be the loss sustained by appellant after he had re-sold the real estate for $13,000.00.

erred by refusing to submit the broker's alleged negligence to the jury in accordance with requested written instructions. There is no merit in this contention. The broker was appellant's agent. See: *Eckrich v. DiNardo*, 283 Pa.Super. 84, 90, 423 A.2d 727, 729 (1980); *Trott v. Hild*, 190 Pa.Super. 85, 91, 151 A.2d 832, 835 (1959); *Seligson v. Young*, 189 Pa.Super. 510, 513, 151 A.2d 792, 794 (1959). It was with appellant that the broker had executed a contract of agency. That contract of agency authorized appellee to "sell" the real estate. It imposed upon the broker no obligation to guarantee that the buyer would perform faithfully the duties and obligations imposed upon him by the agreement of sale. If the agency contract imposes no such duty, we fail to perceive any good reason for creating a duty in law requiring a seller's agent to guarantee performance by a third person buyer.

The judgment is affirmed.