## Will v. Killmer

*Keith Cacciatore,* for plaintiff.
*Samuel Litzenberger,* for defendant.

KELTON, *J.,* March 17, 1986—This is an action brought by plaintiff Karl Will, a licensed real estate broker, to recover a sales commission. The matter is before us for decision following a trial without jury. The parties have filed a joint stipulation of the facts with this court and have presented their legal arguments to the undersigned for a decision on the merits. This stipulation reflects that plaintiff Will had contracted with the guardians of Frederick H. Grant, an adjudicated incompetent, to sell Mr. Grant's 52-acre farm. Through Mr. Will's efforts, Mr. Grant's guardians entered into an agreement to sell the farm to one Isaac Geissinger. The agreement expressly stated that: "This agreement of sale is subject to the approval of the Court of Common Pleas of Bucks County, Pa." However, Mr. Grant died before court approval could be obtained, and

both buyer and seller, on the advice of their attorneys, mutually agreed to rescind the contract of sale. Mr. Will, the broker, then sued for his broker's commission.

No dispute exists concerning the facts, and the only issue before the court is whether plaintiff is entitled to the commission where the incompetent died before the sale was approved by the court.

## STIPULATED FACTS

"1. Frederick P. Grant and Charles M. Grant were appointed guardians on August 6, 1979, of the Estate of Frederick H. Grant by the Bucks County Orphans' Court. Frederick H. Grant was adjudicated an incompetent on the same date. . . .

"2. The guardians entered into a listing agreement with Karl Will, plaintiff, on November 13, 1979, to sell certain real property owned by the incompetent and more fully described in Bucks County Deed Book, Volume 755, Page 501. . . .

"3. In January, 1980, plaintiff Karl Will contacted Isaac Geissinger concerning the purchase of the said property by Mr. Geissinger. . . .

"4. By contract dated March 11, 1980, prepared and negotiated by Karl Will, plaintiff, the guardians agreed to sell and Isaac Geissinger agreed to buy the real estate described in paragraph two herein. May 20, 1980, was scheduled as the settlement date. . . .

"5. Rodney D. Henry, Esq., of Quakertown, Pa., was the attorney for the estate of the incompetent. He prepared a petition for court approval of the sale and had obtained two opinions of value from two separate and distinct appraisers. Norman L. Baringer and Martin J. Randazzo. The petition was not filed prior to the death of incompetent on May 4, 1980, and could not be filed after that date due to

incompetent's death. . . . The petition for court approval could not have been presented because the affidavit had not been received from Norman L. Baringer, nor had the consent and joinder of Dorothy Kilmer been received on or before May 4, 1980. No court approval was obtained of the sale or the conditions of the sale as contained in the agreement. . . .

"6. On advice of attorney for guardians Rodney D. Henry, Esq., as well as the advice of attorney for buyers Richard A. Rosenberger, Esq., to the effect that the agreement of sale was null and void and unenforceable because the powers of the guardians ceased upon death of incompetent and because the condition of court approval being obtained had not been met and further because the title insurance company required a survey of the premises in order to insure title, the buyer and seller agreed to cancel the agreement. . . .

"7. Plaintiff repaid to the buyer on advice of his counsel Frederick N. Nabhan, Esq., the down payment money in the amount of $2,000.

"8. The title report issued on the property required a survey to be done before a policy could be issued due to prior conveyances. Plaintiff's attorney objects to the relevancy and competency of the title insurance report.

"9. The guardians filed a first and final accounting with the Bucks County Orphans' Court on or about July 25, 1980.

"10. Based upon the above-mentioned facts, plaintiff Karl Will commenced an action in assumpsit to recover an alleged real estate commission that is due and owing.

"11. The sale expenses of 7 percent representing realtor's commission and transfer tax totaled $7,490 as a result of which no cash would have been re-

ceived by the guardians at settlement nor prior to November 20, 1980, when a note in the amount of $7,500 was due, except for the monthly payments on the 20-year mortgage.

Respectfully submitted.

/s/_____
Keith D. Cacciatore, Esq.,
Attorney for Plaintiff

/s/_____
Samuel A. Litzenberger, Esq.,
Attorney for Defendant"

## DISCUSSION

Generally, a real estate broker's right to commission accrues as soon as he presents a purchaser ready, willing and able to purchase the property upon the agreed terms. Keys v. Johnson, 68 Pa. 42 (1871); Bitzelberger v. Salvatore, 312 Pa. Super. 402, 458 A.2d 1021 (1983). Thus, if the vendor accepts the purchaser procured by the broker, or if the vendor enters into a binding and enforceable agreement of sale, the broker's commission has been earned without reference to the outcome of the transaction. Shumaker v. Lear, 235 Pa. Super. 509, 345 A.2d 249 (1975).

However, general rules governing a broker's right to a commission are not applicable when a broker contracts with a seller acting in a representative capacity. Specifically, a person dealing with an executor, guardian or other person acting in a representative capacity is bound to be cognizant of the extent of the fiduciary's powers. Clark v. Provident Trust Co. of Philadelphia, 329 Pa. 421, 198 A.2d 36 (1938).

In the present case, plaintiff was dealing with fiduciaries who required court approval before they

could sell the property of the person for whom they were acting. See 20 Pa.C.S. §5521, 20 Pa.C.S. §3353, and Pa. Orphans' Court Rules 14.4 and 12.10. Our court will approve such a sale only after sufficient facts are presented for the court to determine that the sale would further the best interests of incompetent. Bucks County Orphans' Court Rules 1442, 12.10 and 12.9A(3)(1).

We find that court approval is not, as plaintiff contends, a condition that is negated by an incompetent's death. In Estate of Jovanov, 449 Pa. 245, 296 A.2d 725 (1975) (Manderino, J. dissenting), the Supreme Court in a per curiam decision, affirmed the lower court holding that a contract for the sale of an incompetent's real estate, although properly executed and signed prior to incompetent's death, was not legally binding. There, the guardian's agreement was subject to court approval, and such approval had not been obtained between the time of the signing and incompetent's death. Jovanov was an action by the prospective purchaser of the incompetent's property who sought specific performance of the sales agreement. However, the holding in Jovanov appears to us to apply to a broker seeking a commission as well as to a purchaser seeking specific performance. In each case, persons dealing with fiduciaries are required to be aware of the limitations of the fiduciaries' powers.

Our decision today is also consistent with Clark, supra, and with White Realty and Insurance Agency Co. v. Moreland, 215 Pa. Super. 423, 259 A.2d 461 (1969). Moreland also was an action for a real estate broker's commission; however, plaintiff there had negotiated a real estate sales agreement providing that the sellers had warranted that the property would be zoned commercial at the time of settlement. The requisite zoning was not obtained, and

the sale was never consummated. The Moreland court held that plaintiff-broker was not entitled to a commission by applying the rule that:

"Where the sale of realty arranged by a broker is expressly conditioned on obtaining the consent of a third party to the transaction, and the condition is not fulfilled, the seller having acted in good faith and having done nothing to prevent the obtaining of such consent, the broker is not entitled to recover his commission." 215 Pa. Super. at 428, 259 A.2d at 494, citing Business Realty Company v. Schaffer, 99 Pa. Super. 175 (1930). Accordingly, we make the following

## ORDER

1. The decision is for defendant Dorothy R. Killmer, executrix of the estate of Frederick Henry Grant.

2. In accordance with Pa.R.C.P. 1038(c), the prothonotary shall notify the attorneys for each of the parties of the date of filing of this decision.

3. Pursuant to Pa.R.C.P. 277.4, the prothonotary shall, upon praecipe, enter judgment on the decision if no motion for post-trial relief has been filed thereto (under Pa.R.C.P. 227.1) within 10 days after notice of filing of this decision.