## Kattelman *v.* Goldenberg, Appellant.

*Real estate—Sales—Commissions—Brokers—Service.*

In an action of assumpsit for commissions earned on the sale of real estate, a judgment for plaintiff is proper and will be sustained where the evidence, although contradicted, is sufficient to support a finding that the broker had brought the parties together, secured a bona fide purchaser and that the sale was not finally consummated because of defendant's refusal to convey.

Argued October 8, 1923. Appeal, No. 169, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, Dec. T., 1922, No. 282, in favor of plaintiff in case, tried by the court without a jury, in suit of Harry Kattelman v. Leah Goldenberg. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover commissions earned in the sale of real estate. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $101.50, and entered judgment thereon. Defendant appealed.

274, (1923).] Assignment of Error—Opinion of the Court.

*Error assigned* was, among others, the judgment of the court.

*Harry R. Back,* for appellant.—The plaintiff was not entitled to his commissions because the sale was not completed: Thompson v. Goldman, 41 Pa. Superior Ct. 209; Lamb v. Elder, 56 Pa. Superior Ct. 522; Kiefer v. Yoder, 198 Pa. 308; Hipple v. Laird, 189 Pa. 472; Middleton v. Thompson, 163 Pa. 112; McDonald v. Kimmell, 70 Pa. Superior Ct. 282.

*Benjamin Sork,* of *Blumberg & Sork,* for appellee.—The plaintiff, having performed the service for which he was engaged, was entitled to his commission: Hill v. Smith, 75 Pa. Superior Ct. 340; Margulis v. Knoell, 75 Pa. Superior Ct. 228; Lamb v. Elder, 56 Pa. Superior Ct. 522; Hipple v. Laird, 189 Pa. 472.

OPINION BY TREXLER, J., December 10, 1923:

The question submitted by the defendant is: "Can a real estate broker who has failed to produce a purchaser, who is ready, able and willing to settle, or who by his own conduct, has prevented the consummation of a sale to such purchaser, recover commissions from his principal?" There could be but one answer and that would be, that if the proposition be supported by the facts such real estate broker cannot recover. However, when we turn to the testimony in the case we find that the plaintiff showed that he was engaged by the husband of the defendant to sell her property, that the husband did all the business in relation to the property, and that the defendant had authorized him so to do. There was sufficient testimony in the case to show that he was actually her agent and that his promise to pay commissions bound her. A deposit was paid by the purchaser to the husband and a written agreement was entered into and signed by the defendant and her husband. In that agreement the defendant agreed to take as part settlement one Stutz

touring car identified by serial and motor numbers for the sum of $900, to be delivered in good running condition. When the time of settlement arrived, the defendant refused to settle because the car was not as represented. The evidence of this was that her son and another young man looked at the machine and found that the machine was not in a condition to run. On the other hand the plaintiff testified that the automobile was delivered on its own power and that apparently, (and this may also be inferred from defendant's testimony) the defendant's real objection was that the price was too high. There was also testimony that the plaintiff went to see defendant and agreed in view of the fact that both parties to the agreement were his friends, if the defendant would return the down money of $200, he would not ask for any commission. The defendant gave him a check and the papers in the case were delivered to the defendant who then stopped payment on the check and the same has never been paid. The defendant on his part states that the plaintiff came to his place and told him that the deal was off and that the purchaser would not take the property and his theory now is that he has a right to retain the $200 as liquidated damages, and that the sale having fallen through, no commission is due the plaintiff.

The case was tried before the court without a jury and with this jumble of testimony we certainly cannot declare as a matter of law that the trial judge ought to have of necessity found that the plaintiff failed to show that he secured a customer for the property, who was willing and able to buy it. There was that which would warrant the court to find that the plaintiff acted in good faith and that he accomplished what he was hired for, that is; he sold the property, and it was defendant's fault, the deal was not consummated. So recurring again to the question submitted by the defendant, if we agree that the proposition therein stated is correct, we

274, (1923).]          Opinion of the Court.

must answer that the facts do not show that the plaintiff failed to make a sale or that he acted in bad faith.

The judgment is affirmed.