## Schamberg *v.* Kahn, Appellant.

*Principal and agent—Real estate brokers—Commissions—Contract.*

If a real estate broker procures a purchaser on terms accepted by the owner, and prepares a contract of sale, which is approved by the owner and signed by the purchaser who is ready and willing to perform the contract, the broker is entitled to recover commissions from the owner even though the latter subsequently refused to sign the agreement and comply with its terms.

Argued January 17, 1924. Appeal, No. 197, Jan. T., 1924, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1922, No. 903, on verdict for plaintiff, in case of Jesse J. Schamberg *v.* Jacob C. Kahn. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit by real estate broker for commissions. Before FINLETTER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $26,712. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Francis Shunk Brown,* of *Brown & Williams,* and *Yale L. Schekter,* for appellant.—The right to a commis-

sion is dependent upon the complete agreement of the buyer and seller and a meeting of their minds on all the terms of the sale: Turner v. Baker, 225 Pa. 359; Patterson Co. v. Gas Co., 239 Pa. 277.

An owner has a legal right to withdraw an offer of sale and to terminate the broker's agency at any time prior to unconditional acceptance.

The question was involved and decided in Hill v. Jones, 152 Pa. 433. See also Blackstone v. Buttermore, 53 Pa. 266; McMahan v. Burns, 216 Pa. 448.

A broker is not entitled to commissions if he secures a conditional purchaser and his authority is revoked before a sale is consummated: Vincent v. Oil Co., 165 Pa. 402.

*Stanley Folz,* of *Sundheim, Folz & Kun,* for appellee. —The verdict is supported by the weight of the testimony establishing that the plaintiff procured a purchaser ready to buy defendant's property on terms authorized by defendant: Margulis v. Knoell, 75 Pa. Superior Ct. 228; Mearkle v. Kellerman, 82 Pa. Superior Ct. 11; Aber v. Penna. Co., 269 Pa. 384; Lieberman v. Colahan, 267 Pa. 102; Nock v. Guthrie, 239 Pa. 317.

OPINION BY MR. JUSTICE FRAZER, February 18, 1924:

Plaintiff sued to recover compensation for services in procuring a purchaser for real estate belonging to defendant. The sole question in dispute between the parties is whether plaintiff secured a person ready, able and willing to buy defendant's property on the terms authorized by him. There was no written agreement and the case depended mainly on the testimony of the principals to the controversy, whose versions of their contract were quite contradictory. The trial judge submitted the case to the jury and a verdict was returned for plaintiff. A motion for judgment for defendant non obstante veredicto was subsequently dismissed and defendant appealed.

Plaintiff, a real estate broker, called upon defendant, the owner of the premises situated on the southwest corner of Twentieth and Arch streets, Philadelphia, to learn if the latter desired to dispose of the property. According to plaintiff's testimony defendant stated he would sell for $600,000 cash, subject to existing mortgages, but that if other property should be taken in trade he would expect to receive a higher price. It was agreed that in event of a sale or trade the broker should receive $25,000 for his services. Plaintiff called on William G. Moore, a prospective purchaser, and procured an offer from him of $625,000; $35,000 to be paid by assignment of a mortgage on other property; $90,000 by equities in other premises and the balance by two mortgages on the property, aggregating the sum of $500,000. This offer was submitted to defendant who expressed himself satisfied with the terms and instructed plaintiff to prepare an agreement which was done and handed to defendant, who approved it, stating, however, he would sign after its execution by the purchaser. Plaintiff returned to the purchaser who, in signing, noted on the margin a memorandum to the effect that his signature was conditional upon all leases from tenants of the premises being exhibited to him and the structural plans of the building receiving the approval of his architect. Plaintiff called defendant on the telephone and advised him of this stipulation, whereupon defendant stated the purchaser's terms were satisfactory. The leases were duly exhibited and, the purchaser's architect having examined and approved the building, the contract was again presented to defendant for signature. He agreed to return it in a day or two but failed to do so and plaintiff, upon calling on him in reference to the sale, was put off from time to time and later informed by defendant that, as soon as matters connected with the title to the property, which had not been previously referred to, had been cleared up, he would sign the agreement. Defendant finally refused to proceed further in the trans-

action.   While plaintiff's testimony was denied by defendant, who contended his proposition was a sale for cash only, plaintiff's contention was corroborated to some extent by the proposed purchaser and also by other circumstances connected with the transaction.

Under the foregoing testimony the case was clearly for the jury and the evidence ample to warrant the finding that plaintiff had fully performed his part by procuring a purchaser ready and willing to contract on terms acceptable to defendant.   Under these circumstances it is immaterial that defendant finally refused to sign the contract.   The law governing the legal rights of the parties was correctly stated by the trial judge in affirming plaintiff's fifth point for charge to the effect that if plaintiff procured a purchaser on terms accepted by defendant and prepared a contract of sale, which was approved by defendant and signed by the purchaser who was ready and able to perform the contract, he was entitled to recover, even though defendant subsequently refused to sign the agreement and comply with its terms: Aber v. Penna. Co., etc., 269 Pa. 384, 387; Thompson v. Goldman, 41 Pa. Superior Ct. 209.

The judgment is affirmed.