## Kradel *v.* Steele, Appellant.

*Brokers—Real estate—Commissions—Evidence—Sufficiency.*

In an action of assumpsit for commission earned in the sale of real estate, the case is for the jury and a verdict for the plaintiff will be sustained on sufficient evidence that the latter procured a buyer ready and willing to purchase the property and the defendant refused to give possession and consummate the sale.

Argued April 24, 1924. Appeal, No. 78, April T., 1924, by defendant, from judgment of C. P. Butler Co., Dec. T., 1923, No. 21, on verdict for plaintiff in the case of Theodore L. Kradel v. O. C. Steele. Before Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Assumpsit to recover commissions earned in the sale of real estate. Before Reiber, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $127.88 and judgment thereon. Defendant appealed.

*Errors assigned* were various answers to points, the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*James E. Marshall,* of *Marshall & Watson,* for appellant.

*W. H. Martin,* for appellee.

OPINION BY LINN, J., July 2, 1924:

The question is whether a real estate broker earned his commission; appellant contends that he did not. The jury dealt with the contradictions in the testimony and found for plaintiff. As there is evidence to support the verdict, it binds us as well as appellant.

In December, 1919, defendant authorized plaintiff to sell certain real estate for $5,500. The only limitation on the power was that a prospective purchaser should not be taken through the house without notice and consent. Early in February, 1920, plaintiff produced a purchaser who, having been taken through the house with defendant's approval, agreed to buy for $5,500; he was able, ready, and willing to complete his purchase; he desired possession by April 1st. At this stage of the negotiations, the differences which lie at the bottom of this suit, seem to have arisen. When that date for possession was put to defendant, he made no objection; later, he found difficulty in finding a house into which to move. Once the purchaser agreed to give him an extension of ten days, and, later, five days more; but it ended by defendant not giving possession.

When defendant empowered plaintiff to sell at the price fixed, without more, that authority meant that possession would be given within a reasonable time, because giving possession, was an element in the sale; by authorizing the sale he agreed to give possession; there was no reservation, as appellant's argument assumes, that when a purchaser was procured, defendant should determine when he would give possession; by his contract with his agent, possession must follow within a reasonable time.

The court properly submitted to the jury whether plaintiff procured a purchaser and whether defendant had been given a reasonable time in which to complete his contract in the circumstances so related, and the verdict establishes the affirmative; that being the fact,

plaintiff performed his contract and earned the commission: Kattleman v. Goldenberg, 82 Pa. Superior Ct. 274; Schamberg v. Kahn, 279 Pa. 477, 480.

Judgment affirmed.