Detchon *v.* McSorley, Appellant.

494

Argued October 2, 1930.  Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Frank J. Lagorio,* with him *Lawrence B. Cook,* for appellant.—The right to a commission is dependent upon, either a complete agreement of purchase and sale between the buyer and seller, brought together by broker, or that the broker actually produced a bona fide purchaser ready, able and willing to buy on the terms given the broker by the owner: Speer v. Oil Co., 239 Pa. 180; Bennett v. Crew Levick Co., 288 Pa. 180; Barber v. Miller, 41 Pa. Superior Ct. 442; Vincent v. Oil Co., 165 Pa. 402.

*R. B. Ivory,* of *Ivory & Ivory,* for appellee, cited: Gazzam v. Reading, 202 Pa. 231; Marine Coal Co. v. R. R., 246 Pa. 478; Com. v. Hine, 213 Pa. 97; 46 C. J. 256, section 225.

OPINION BY MR. JUSTICE FRAZER, November 24, 1930:

Plaintiff, a real estate broker, sued to recover commissions for procuring a purchaser for property of defendant. The latter contended no agreement of sale had been entered into on the terms and conditions fixed by him, and consequently plaintiff had not earned his commission. The trial judge submitted to the jury the disputed questions of fact involved, and a verdict was rendered in plaintiff's favor for the full amount of commission claimed. Defendant appealed, assigning for error, among others, refusal of the court below to enter judgment for defendant non obstante veredicto and refusal to grant a new trial.

Plaintiff was first authorized to sell the property at a stipulated price, payable one-half in cash and the balance secured by a mortgage on the premises. He was unable to procure a purchaser at the terms specified but subsequently received an offer to buy on terms which contemplated the transfer of other property to defend-

ant executing a purchase-money mortgage for a part of the consideration, and payment of the balance in cash. This offer was satisfactory to defendant and an agreement was drawn, in duplicate and signed by the purchaser and his wife and delivered to plaintiff, together with a check for payment on account. Defendant approved the agreement, November 1, 1924, and accepted the check, taking both with him, intending to procure his wife's signature to the agreement and return one copy to the purchaser. He delayed doing as he indicated until March 1, 1925, at which time he expressed his readiness to complete the sale of the property and with plaintiff visited the office of purchaser's attorney for that purpose, and was then informed by the attorney that the purchaser had died the preceding day and that he, the attorney, would not accept the agreement or act further in the matter. Plaintiff then demanded payment of his commission, and, after defendant had, according to plaintiff's testimony, failed to keep his promise to make payment, this action was brought to recover the amount claimed.

On behalf of defendant it is argued the proposal of the purchaser was a new offer on his part and did not become a contract until accepted by defendant, the vendor, in writing, and that acceptance was not complete until the agreement was actually signed and delivered by defendant, which was never in fact done. While this contention might have weight if the action were one between vendor and vendee on the agreement itself, failure to actually sign and deliver the contract under the circumstances present here does not necessarily prevent the broker from recovering his commission. Although the proposal made by the purchaser differed from the terms originally prescribed by defendant, if the latter was satisfied and orally consented to the new terms and the sole reason why the contract was not actually executed and delivered was because of defend-

ant's own delay, plaintiff cannot be held responsible for loss of the sale. He fully performed his part by procuring a purchaser who not only was ready and willing to buy on terms and conditions acceptable to defendant, but who also had duly executed and delivered a signed contract to that effect. Under the evidence produced by plaintiff, which the jury evidently believed, plaintiff had fully earned his commission by procuring a purchaser on terms and conditions acceptable to defendant; therefore the motion for judgment non obstante veredicto was properly refused.

The argument that the court below erred in refusing to grant a new trial is based on alleged after-discovered evidence. Defendant avers he subsequently discovered the check given by the purchaser on account, at the time the agreement was signed by him was for $500 instead of $1,000, as claimed by plaintiff, and that payment was stopped thereon. Whether the amount was $500 or $1,000 however, can have no material bearing on the question involved, which was, whether or not a purchaser had been procured who was willing and able to buy on terms and conditions satisfactory to defendant. The fact that a check was given, whatever the amount may have been, was material evidence bearing on the question whether or not an agreement was executed. The actual amount of the check would be essential only on the question of accounting at the time of settlement. In view of the fact that the contract was finally repudiated by purchaser's attorney, owing to the death of his client, before its execution and delivery by vendor, the amount of the check was of no consequence in the issue here involved, and accordingly not a valid reason for granting a new trial. If payment on the check was stopped because of defendant's delay in executing and returning the contract or for other reasons for which plaintiff was not responsible, such facts would not be available as a defense to the present action; but assuming its competency as evidence in defense, the record

fails to disclose why the fact that payment was stopped was not discoverable before as well as after trial.

Other subsequently-discovered evidence claimed, is to the effect that the purchaser was not sole owner of the property to be conveyed in exchange as part consideration for transfer of defendant's property, but that another person held a half interest therein. If granted the proposed purchaser held title to but a half interest in the property in question, this situation becomes unimportant in the present action as the court would assume that if the purchaser did not hold the entire title at the time of signing the agreement, an arrangement or understanding existed with his cotenant who, it appeared, was also his agent in the transaction, whereby the contract to sell the property was capable of being carried out whenever the time came to do so by transferring a full legal title. We know of no law to prevent a person from entering into a binding agreement to sell property, a portion of the title to which at the time, is in another, inasmuch as it will be assumed a subsisting contract exists to purchase the outstanding title to the property and thus enable the vendor to complete his undertaking, when necessary, to make conveyance. Upon failure to do so, the vendor must respond in damages for nonfulfillment of his contract: 39 Cyc. 1213, and cases cited in note 66. Furthermore, the record was a public one available to defendant before trial, and we find nothing in the record to show that a search at the proper place would not have disclosed the true state of affairs: Marine Coal Co. v. Pittsburgh, etc., R. R. Co., 246 Pa. 478, 488.

The assignments of error are overruled and the judgment is affirmed.