## Drennan, Jr. v. Casanave

Before Honeyman, Ditter and Vogel, JJ.

*Wallace A. Murray, Jr.*, for plaintiff.

*H. Donald Busch, 2d,* and *Harry Norman Ball,* for defendants.

HONEYMAN, J., July 18, 1969.—This is an action in assumpsit brought by plaintiff, a real estate broker, against defendants, who are co-owners of premises at 814 Lancaster Avenue, Bryn Mawr, Pa. Plaintiff sued to recover commission on a proposed sale of said premises, which sale was not consummated.

At the termination of the evidence offered by plaintiff, defendant's motion for a compulsory nonsuit was granted on April 29, 1968. This action by the trial judge was affirmed by the court en banc by order dated January 31, 1969. Plaintiff has appealed from the judgment for defendants which resulted therefrom.

On July 15, 1965, plaintiff and all defendants entered into a written real estate agency agreement which stated: "Agent is authorized to sell said property for $50,000 or any other price or terms to which the owner may consent; and the owner agrees to assist and cooperate in sale." Plaintiff testified at trial that he had obtained an oral agreement from one of the defendants, Mrs. Isabel M. Casanave, wherein Mrs. Casanave agreed to accept a net price of only $45,000. Plaintiff also testified, however, that he never discussed any modification with the other two defendant co-owners.

On March 28, 1966, plaintiff submitted a proposed written agreement of sale for the property on behalf of Mr. and Mrs. Robert M. Woodbury at a sale price of $48,000. The proposed agreement was for a sum lower than that authorized by the written agency, and it was subject to a mortgage in the amount of $32,000 and provided only for cash payments of $4,800 deposit and $11,200 at settlement. After defendants refused to enter into this agreement or to pay commissions to plaintiff, suit followed.

The compulsory nonsuit was granted because plaintiff did not prove that the buyers whom plaintiff produced had a firm commitment from a reliable source which was willing to lend a mortgage on the basis of $32,000. Plaintiff had the burden of proving that he produced buyers who were ready, willing and able to purchase the property on defendants' terms: Wilson v. Hays, 283 Pa. 271 (1925). Plaintiff failed to introduce testimony of the proposed purchasers as to their ability to procure such financing. Plaintiff was unable to present evidence upon which the jury could make a reasonable decision as to whether plaintiff presented to defendant-sellers a buyer who was ready, willing and able to perform the agreement that

they had signed wherein $48,000 would be paid for the subject property. The testimony of plaintiff, who was the only witness, that the buyers enjoy a good credit rating and have considerable assets does not meet the requirement that the buyers must be shown to have been able to obtain the requisite mortgage to pay defendants. In addition,when the clause was inserted in the agreement imposing as a specific condition the obtaining by buyers of a $32,000 mortgage, and there is nothing in the agency agreement that authorized such a condition, it was incumbent upon plaintiff to submit evidence to show that the buyers were able to perform.

The law is well settled that once a broker produces for his principal a party with whom he is satisfied, and who is ready, willing and able to actually contract for the purchase of the property and is acceptable to the owner, he is entitled to his commission: McDonald v. Kimmell, 70 Pa. Superior Ct. 282 (1918). A person has earned his commission when he has introduced a responsible purchaser to his principal who is ready to buy at the price named (Clendenon v. Pancoast, 75 Pa. 213 (1874) ), and when the meeting of the parties interested has resulted in a contract: Holmes v. Neafie, 151 Pa. 392 (1892).

No evidence at all was offered that defendants were willing to accept a conditional sales agreement or one that called for anything but a cash payment. Since no such evidence was produced, it must be concluded that plaintiff did not produce a buyer on defendant-sellers' terms.

In Simon v. H. K. Porter Co., 407 Pa. 359 (1962), the court said, at page 363:

"A purchaser of realty is to be considered 'ready, willing and able to buy' so as to entitle a broker to a commission if the purchaser has agreed to purchase

the property upon the terms specified by the seller and has sufficient funds on hand or is able to command the necessary funds with which to complete the purchase within the time allowed by the seller."

In this case the purchaser did not agree to the terms specified by the sellers and it was not shown that the buyer had sufficient funds on hand—which presumably he could not, otherwise he would not have added the mortgage clause, or was able to command the funds necessary to complete the purchase within the time allowed by the seller, which he could not since the agreement provided that only one-third or $16,000 of the price for which the property was offered for sale, $48,000, would be paid by settlement.

We thus conclude that plaintiff has failed to meet his burden of proof and that even granting plaintiff benefit of all possible inferences favorable to him, the jury could not be permitted to conjecture as to the ability of the buyers to procure the requisite mortgage. The motion to remove the nonsuit was properly denied.