## Wachter, Appellant, *v.* Luria.

*Jay D. Barsky,* for appellant.

*Michael H. Egnal,* with him *Egnal and Egnal,* for appellee.

OPINION BY CERCONE, J., March 27, 1973:

This case is companion to that of *Luria v. Robbins,* 223 Pa. Superior Ct. 456 (1973), with which it was consolidated for trial and in which we also have this day filed an opinion.

Plaintiff, Samuel Wachter, the real estate agent who negotiated the transaction which was the subject matter of that companion case, filed this suit in assumpsit to secure the sum of $10,000 which he alleged defendants

Joseph Luria and Leon Luria had agreed to pay him if he would negotiate for them the purchase of the Moorestown Shopping Center property on certain alleged terms.

The trial judge found that the defendants had agreed to pay plaintiff for his services and that they were bound by the agreement to pay him. The judge decided, however, that the amount agreed upon was not clear and therefore a reasonable amount, which he set at $3,000, was payable by defendants to plaintiff. Plaintiff filed exceptions which were dismissed by the court en banc consisting of one judge who, after overruling the trial judge's findings, held Wachter was not entitled to any commission because no binding agreement existed between purchaser and vendor. This appeal by plaintiff followed.

It is our determination that the court en banc erred in overruling the trial judge's findings that the defendants had employed plaintiff, had agreed to compensate him for his services, and were liable to him for his services. The holding of the court en banc is not supported by the record or by law.

As we determined in the companion case of *Luria v. Robbins,* supra, the trial judge's finding of a binding parol agreement for the purchase of the shopping center property by the Lurias must be upheld, there being ample evidence to support it. Plaintiff, the real estate agent employed by the Lurias to secure that agreement, is therefore entitled to his commission on that transaction even though the Lurias refused to consummate it: *Schamberg v. Kahn,* 279 Pa. 477 (1924); *Wilson v. Hays,* 283 Pa. 271 (1925).

There is no dispute in the evidence that the Lurias did in fact employ Wachter to act as their agent in this transaction; that they and not the vendors agreed to pay him his commission; that plaintiff Wachter had told defendants from the outset that if he was to act

for defendants in the matter, his fee would be $10,000. According to defendant Joseph Luria's own testimony, the only dispute was as to the time when the $10,000 was to be paid, defendant Joseph Luria testifying: "He [Wachter] mentioned the $10,000.00 figure and I said 'Sam, the only time that I will be able to give any money is when I receive possession of the property and we go beyond settlement.' I said 'Even then, Sam, I'd like to give you five thousand dollars then and five thousand dollars at a little later date because naturally we all get a little tight for money sometime.' " The trial judge, without valid reason, apparently ignored the testimony of the defendant Joseph Luria which substantiates plaintiff's testimony that he told Joseph "you can buy it on one condition, that you have to pay me a fee of $10,000 . . ." and that defendant Joseph Luria asked, "Sam, will you be willing to take $5,000.00 now, and $5,000.00 in six months?". Even if the payment schedule was as testified to by Joseph Luria, $5,000 upon possession of the property and $5,000 "at a little later date", the fact that defendants refused to consummate the purchase and take possession of the property cannot be used as justification for their refusal to pay. This court in *Clark v. Battaglia*, 47 Pa. Superior Ct. 290 (1911) (a decision quoted with approval and applied in *Perry v. Spellman*, 194 Pa. Superior Ct. 555 (1961) ), upheld the plaintiff-broker's right to his commission where he was to be paid "upon the consummation of the said sale" and defendant failed to consummate the sale secured for him by plaintiff.

Defendants cannot, therefore, by their refusal to consummate the agreement plaintiff secured in their behalf in accordance with their instructions, avoid their liability for the commission they agreed to pay him, which commission the evidence, as already stated, clearly and without contradiction establishes to be in the sum of $10,000.00. We therefore modify the trial

judge's findings and verdict as to the amount due plaintiff by defendants and as so modified reinstate the findings and verdict in favor of the plaintiff.

The order of the court en banc is accordingly reversed and the verdict of the trial judge in favor of the plaintiff, modified to $10,000.00, is reinstated.

SPAULDING, J., concurs in the result.