Michael Dombroski and Rita R. Dombroski, his wife v. The Redevelopment Authority of Luzerne County, Pennsylvania, Appellant.

Argued October 8, 1976, before Judges Mencer, Rogers and Blatt, sitting as a panel of three.

*Hopkin T. Rowlands, Jr.,* with him *Moore, Rowlands & Rowlands,* for appellants.

*Jerome L. Cohen,* for appellee.

Opinion by Judge Mencer, December 22, 1976:

Michael C. Dombroski and Rita R. Dombroski, his wife, were awarded $2,000 in dislocation damages by a jury, pursuant to Section 603-A of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* added by the Act of December 29, 1971, P.L. 635, 26 P.S. §1-603A. Following the jury verdict, the Redevelopment Authority of Luzerne County (Authority) filed motions for a new trial and for judgment n.o.v. which were denied by the court en banc. The Authority has appealed these rulings. We affirm.

The sole issue for our consideration is whether the jury properly found the Dombroskis to be "displaced persons" within the meaning of Section 201(8) of the Code, 26 P.S. §1-201(8). That section reads, in pertinent part:

(8) 'Displaced person' means any condemnee or other person not illegally in occupancy of real property who moves or moves his personal property as a result of the acquisition for a program or project of such real property, in whole or in part, or as the result of written notice from the acquiring agency of intent to acquire or order to vacate such real property. . . .

The Authority contends that no written notice of intent to acquire was given, other than a formal notice sent a year after the Dombroskis had moved. However, the jury was permitted to find that newspaper articles and the posting of a map of the redevelopment area, coupled with visits by a representative of the Authority, acted as written notice of intent to acquire the Dombroski property.

The jury was satisfied from the testimony and exhibits that informal written notice was received and acted upon by the Dombroskis. We will not upset a jury verdict unless it is capricious, goes against the weight of the evidence or the law, or results in a miscarriage of justice. *Simon v. H. K. Porter Co.*, 407 Pa. 359, 180 A.2d 227 (1962). Under the circumstances of this case, we will not conclude that the jury's verdict of $2,000, reached in accord with the charge of the trial court, resulted in a miscarriage of justice.

Order affirmed.

### ORDER

Now, this 22nd day of December, 1976, the order of the Court of Common Pleas of Luzerne County in the above captioned case is affirmed.