396 A.2d 733

**ACRES REAL ESTATE COMPANY**

v.

**YOUNG MEN'S CHRISTIAN ASSOCIATION OF BINGHAMTON, Appellant.**

Superior Court of Pennsylvania.

Argued March 27, 1978.

Decided Dec. 29, 1978.

Petition for Allowance of Appeal Denied May 18, 1979.

Robert J. Smith, Montrose, for appellant.

Paul A. Kelly, Montrose, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

This is a claim in assumpsit for a broker's commission for sale of real estate. The owner-vendor appeals from a finding by the lower court in favor of the broker on a Motion for Summary Judgment. We hold that the lower court must be reversed.

Plaintiff is a licensed real estate firm, to whom defendant, an owner of certain realty, gave a letter dated December 3, 1976, undertaking to pay plaintiff a commission of six percent (6%) of the gross selling price if defendant sold the property to one Nusser.* The letter provided (Paragraph 3) that the commission is "due and payable" only if the sale is completed to Nusser and (Paragraph 4) that:

"This contract shall not be interpreted as a listing or an exclusive listing contract but shall be limited only to a sale to the individual prospective buyer above named."

The parties stipulated in writing to certain facts (Record 9a), and both sides filed motions for summary judgments. The Court found in favor of plaintiff for $18,000.00, and defendant has appealed to this court.

The stipulated facts, encapsulated, in addition to those stated above, include:

Paragraph 2. On February 21, 1977, plaintiff presented to defendant an unsigned copy of a Sales Agreement from

* Sometimes referred to as A. D. Nusser or Shan Realty Corporation, who, it is agreed, are the same party.

Nusser for $300,000.00, but defendant refused to accept that offer;

Paragraph 3. On February 24, 1977, defendant invited bids from prospective purchasers (including Nusser);

Paragraph 4. On March 4, 1977, defendant received various bids, including one from Nusser for $300,000.00 plus plaintiff's commission of $18,000.00, plus Pennsylvania real estate transfer tax of two percent (2%);

Paragraph 5. Nusser's bid was not accepted because there were two higher bids;

Paragraph 6. Title was never conveyed to Nusser;

Paragraph 7. At all times Nusser was ready, willing and able to perform in accord with his offer to purchase.

Plaintiff contends that the letter of December 3, 1976, was an "employment contract" the object of which was that plaintiff persuade Nusser to agree to pay $300,000.00 for the realty; that plaintiff performed that contract and was entitled to his commission even though defendant refused the offer. Defendant contends that the December 3, 1976, letter was not an "employment contract" as plaintiff contends, nor, by its express terms (paragraph 4), a "listing contract," "but rather was designed to protect the broker in the event, and only in the event, that the YMCA (defendant) should sell the property to the broker's named purchaser (Nusser)". The lower court accepted plaintiff's version of the letter of December 3, 1976, saying:

"This line of cases can be distinguished from the instant case. The defendant employed the services of the plaintiff-broker to secure a purchaser for its property at $300,-000. The broker secured the purchaser, and the vendor refused to enter a contract it had proposed, but instead sought other bids for its property starting at $300,000. They in effect used the bid as a springboard for a higher price."

The court therefore found for the plaintiff.

If the letter of December 3, 1976, was an "employment contract" as the court defines it in the above language, then a finding for plaintiff would be correct. Once plaintiff

had performed its part of the "contract" by producing a willing, able purchaser, it was entitled to its commission even if defendant refused to deal with the purchaser. *Schamberg v. Kahn*, 279 Pa. 477, 124 A. 138 (1924); *Wachter v. Luria*, 224 Pa.Super. 96, 302 A.2d 359 (1973); *Dixon v. Andrew Tile & Manufacturing Corporation*, 238 Pa.Super. 275, 357 A.2d 667 (1976); *Simon v. H. K. Porter Co.*, 407 Pa. 359, 180 A.2d 227 (1962). We hold, however, that the letter of December 3, 1976, was not an "employment contract" in the sense that plaintiff contends. It seems plain that the letter of December 3, 1976, was executed "to protect you [plaintiff] in accordance with your request and upon your representation that you have an interested party . . ." (Nusser); that defendant would pay plaintiff a commission if defendant sold to Nusser, but only if defendant sold to Nusser; that defendant was not required to sell to Nusser and could seek other purchasers if it so elected. This conclusion seems reasonably to follow from the whole terms of the letter of December 3, 1976, including Paragraph 4, quoted above. In other words, defendant's only obligation to plaintiff was conditioned upon an actual sale to Nusser, which sale never took place. See *Sork v. Rand*, 422 Pa. 512, 222 A.2d 890 (1966); *White R. & J. Agency Co. v. Moreland*, 215 Pa.Super. 423, 259 A.2d 461 (1969).

■ Plaintiff contends that defendant's answer to Paragraph 3 of the Complaint has the legal effect of admitting that the "contract" (the letter of December 3, 1976) was an "employment contract." We disagree. Paragraph 3 of the complaint reads:

"On or about December 4, 1976, the defendant entered into a contract with the plaintiff wherein the plaintiff was to attempt to procure a buyer for the defendant's property located in Apolacon Township, Susquehanna County, Pennsylvania, known as the Camp Arrowhead property. Said contract was written, and a copy is attached hereto and made a part hereof and marked Exhibit 'A'."

Paragraph 3 of the answer reads:

"Defendant admits that it signed the writing attached to plaintiff's complaint as Exhibit A on or about Decem-

ber 3, 1976, which writing sets forth the entire agreement between the plaintiff and the defendant."

We think Paragraph 3 of the answer was sufficient to leave to the court (where it belonged) the interpretation of the "contract," rather than to require the court to accept the self-serving interpretation of the "contract" as stated in paragraph three of the complaint.

There is a further circumstance shedding some light on the question of whether plaintiff was defendant's "employee" in its relations with Nusser. Nusser's unsigned but written offer submitted on February 21, 1977, was at a sales price of $300,000.00 out of which defendant would pay plaintiff a sales commission ($18,000.00), and the parties would divide the transfer taxes ($6,000.00). Eight days later Nusser submitted a different written bid (on plaintiff's letterhead) to pay $300,000.00, plus plaintiff's commission of $18,000.00, plus all of the Pennsylvania transfer taxes ($6,000.00).

Reversed and remanded to the court below, which shall enter judgment for the defendant.

HOFFMAN, J., did not participate in the consideration or decision of this case.