509 A.2d 397

**In the Interest of Y.P. and T.H.**

**Appeal of V.M., Mother of Children.**

Superior Court of Pennsylvania.

Submitted Jan. 15, 1986.

Filed May 12, 1986.

Elissa M. Stuttler, Assistant Public Defender, Franklin, for appellant.

Before CAVANAUGH, OLSZEWSKI and KELLY, JJ.

OLSZEWSKI, Judge:

Appellant, V.M., challenges the lower court's findings of dependency of her children, Y.P. and T.H., and their resultant temporary removal from her custody. Appellant argues that: (1) the Commonwealth failed to meet the burden of proof of clear and convincing evidence; (2) appellant's constitutional rights were denied because her children were removed from her custody on less than clear and convincing evidence; (3) the court erred in awarding temporary custody of T.H. to Children and Youth Services because there was no testimony of wrong-doing regarding T.H.; (4) the court erred in failing to inquire into solutions that would enable the children to remain with the custodial parent; (5) the court erred in not holding a dispositional hearing within twenty days of a finding of dependency as required by 42 Pa.Cons.Stat.Ann. Sec. 6341(c); and (6) the court, as trier of fact, erred by deciding the outcome of the dispositional hearing before all testimony was heard. We find these arguments to be without merit and affirm the order of the court below.

On Monday, August 20, 1984, B.P., Y.P.'s father, picked up his daughter from appellant's home. He was to have custody of her for the ensuing week. Y.P. told her father of an incident that occurred during the weekend of August 18–19, 1984. Y.P. stated that her mother, appellant in this case, and her brother were in the bathtub at appellant's house with two nude men. Her mother was kissing one of the men. Y.P. was pulled into the tub and indecently assaulted by the other man.

On August 22, 1984, juvenile petitions were filed alleging that Y.P., age 7, and T.H., age 2, were dependent. A hearing was held on August 24, 1984. At that hearing, the Commonwealth presented evidence in the form of testimony

by Y.P. and B.P. Appellant was present and represented by counsel. Appellant presented testimony by the two men Y.P. implicated in the incident. They presented alibi testimony and stated that they had never been at appellant's home at the same time. All three denied that the incident ever took place. At the conclusion of the hearing, Y.P. and T.H. were adjudged dependent. The court found that the children were in need of care and protection to prevent any repetition of the incident and that they needed "the attention, supervision and control temporarily of the Children and Youth Services...." Order of the lower court of August 24, 1984 at 1. The court did not hold a separate dispositional hearing.

On October 3 and 4, 1984, appellant filed a motion for rehearing and a motion to dismiss. A hearing was held on November 30, 1984, at which time appellant offered alibi testimony that was corroborated by her mother, and earlier testimony of one of the men involved was corroborated by three of his employees. The testimony of the August 24 hearing was incorporated by reference. An order of dependency was entered on November 30, and a dispositional hearing was scheduled for December 6, 1984. At the dispositional hearing, Y.P. testified that appellant physically and verbally abused her. B.P., Y.P.'s father, and his wife testified that sometimes when Y.P. came to visit them she appeared to have been abused. Evidence was offered to show that Y.P.'s school performance had improved since she was removed from her mother's custody, and that episodes of nightmares and bed wetting from which she had suffered now occur only after visitation with appellant. T.H.'s foster mother testified to the boy's behavioral problems when he first came to live with her, and that he now experiences these problems only after visitation with appellant. The court entered an order placing Y.P. and T.H. in the custody of Children and Youth Services. Y.P. was to remain with her father and T.H. was to remain with his foster parents. The court specifically made no determination as to appellant's future custodial rights. The court ordered counsel-

ling for appellant, the two children, and B.P. and his wife. Appellant was given rights to monitored visitation. Additionally, Children and Youth Services and the counselor were to make full reports to the court in one month, and monthly thereafter until the court determined that any change in custody and visitation should be made in the interest of Y.P. and T.H.

■ There is ample evidence on the record to support the court's finding of dependency by clear and convincing evidence. There is also evidence that would, if believed, support a finding that the incident complained of by Y.P. never occurred. The role of determining the credibility of witnesses and resolving factual conflicts in testimony belongs to the finder of fact. *Janson v. Hughes*, 309 Pa.Super. 399, 455 A.2d 670 (1982). There is no reason in the instant case for us to upset that determination. *See Simon v. H.K. Porter Co.*, 407 Pa. 359, 180 A.2d 227 (1962).

Although no testimony was offered at the August 24 hearing to show that T.H. was physically molested, indecent assault of T.H. was not the reason for finding that he was dependent. A dependent child is one who "is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals...." 42 Pa.Cons.Stat.Ann. Sec. 6302(1) (Purdon 1982). "(I)t must be established that the child is presently without proper parental care, and ... that such care is not immediately available." *Matter of Yeager*, 309 Pa.Super. 491, 495, 455 A.2d 717, 719 (1983). Clear and convincing evidence showed that appellant allowed both children to be involved in an incident to which they should never have been exposed. She allowed T.H. to witness the sexual assault of his sister. At the November 30 hearing, additional evidence was offered by which the court could conclude that T.H. was "without proper parental care ... necessary for his physical, mental, or emotional health or morals...." *See* 42 Pa.Cons.Stat. Ann. Sec. 6302(1) (Purdon 1982).

■ A child who has been adjudged dependent may not be removed from parental custody unless such separation is clearly necessary. Clear necessity is established when the court determines that alternatives to separation are unfeasible. *In Interest of Ryan Michael C.*, 294 Pa.Super. 417, 440 A.2d 535 (1982). The teaching of parenting skills and follow-up supervision are two alternatives to separation. *Id.* However, these alternatives were not applicable to the instant case. This is not merely a case of neglect. Y.P. was sexually abused and T.H. was exposed to such abuse. The lower court stated repeatedly that the "children had to be protected from any possible further neglect and certainly against a repetition of the acts which were declared in the testimony." Memorandum and Order of the lower court, dated November 30, 1984, p. 1–2. Such protection could not be achieved while the children were in appellant's custody.

As reflected in its order of December 7, 1984, the court carefully considered the disposition of Y.P. and T.H. The court gave extensive instructions regarding temporary custody to ensure the protection of the children, as well as ordering counselling for appellant and the children. The court thus sought to help appellant and her children to deal with what had happened, and to prepare appellant to properly care for her children. The monthly progress reports ordered by the lower court will enable it to monitor any changes in appellant's circumstances and to make changes in custodial and visitation care, in the interest of the children, as expeditiously as possible. The separation of Y.P. and T.H. from their mother was established by clear necessity. Under the facts of this case, no alternatives to separation were feasible.

Appellant argues that the court below erred in not holding a dispositional hearing within twenty days of its determination of dependency on August 24, 1984. This argument is without merit. The court is not required to bifurcate the proceedings into two separate hearings—one to determine dependency and the other to determine disposition. The two phases may be conducted in one hearing if

sufficient evidence is presented to enable the court to make both determinations. *See* 42 Pa.Cons.Stat.Ann. Sec. 6341(c) (Purdon 1982).[1] This is the procedure that was followed in the instant case.

The court below entered the order appealed from after two hearings at which all interested persons, including appellant, were represented by counsel. We find no merit to any of the issues V.M. has raised in this appeal. The order of the lower court is affirmed.

---

1. "If the court finds ... that the child is dependent, the court shall proceed immediately or at a postponed hearing, which shall occur not later than 20 days after adjudication if the child has been removed from his home to make a proper disposition of the case."
42 Pa.Cons.Stat.Ann. Sec. 6341(c) (Purdon 1982).